IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DONALD PATRICK GARRETT                                          PLAINTIFF

v.                                    No. 4:11-cv-704-DPM

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration                          DEFENDANT

ORDER

This case is about what medical records and doctor's opinions a

claimant needs to succeed on a disability application.

Donald Garrett worked as a musician from 1969 until October of 2008.

He applied for Social Security Disability benefits in April 2009 claiming

disabling depression. Garrett contests the application's alleged onset date of

31 December 2005, stating that "he had trouble comprehending what [the

agent] was saying" during his intake interview. He claims he was diagnosed

as early as 2000. He also disputes his past earnings, which were reported as

$400 per week. Garrett appears to suffer from depression and says he is at the

beginning of a dementia process. He believes that these conditions interfered

with his ability to present his case.

Garrett argues the ALJ erred in not giving controlling weight to his

treating physician's opinion about his past diagnosis. Dr. Stinnett began

treating Garrett in 2007.  Dr. Hogan, who treated Garrett during 2000-2006, referred him to Dr. Stinnett after moving to a position in which he treated only adolescents.  Garrett says Dr. Stinnett can vouch for his treatment history with Dr. Hogan, including an earlier diagnosis of disabling depression. Garrett submitted a February 2011 letter from Stinnett into evidence.  This letter offered Dr. Stinnett's retrospective opinion on Garrett's condition prior to 31 December 2005.  But this report lists only diagnoses and subjective statements.  Dr. Stinnett's opinion about Garrett's pre-treatment condition, although he was a later treating physician, does not meet Garrett's burden of proof.  42 U.S.C. § 423(d); 20 C.F.R. § 404.1528(a); Social Security Ruling 88-3c; *Brown v. Shalala*, 15 F.3d 97, 99-100 (8th Cir. 1994); *Marolf v. Sullivan*, 981 F.2d 976, 978 (8th Cir. 1992).

The Court of Appeals has noted that while the ALJ should consider retrospective opinions, they have "not gone so far as to require that the Commissioner give such opinions controlling weight when they are not supported by diagnostic testing." *Robson v. Astrue*, 526 F.3d 389, 393 (8th Cir. 2008). The undated correspondence from Dr. Stinnett states that, while he has no records from Dr. Hogan's office, he "recalls" that Dr. Hogan had been

treating Garrett for essentially the "same condition" since approximately 2000. Dr. Stinnett's recollection and opinion of a conversation with Dr. Hogan is not objective medical evidence that an ALJ may rely upon in making the determination.

A social security medical examiner reported a conversation with Dr. Stinnett in 2010. The notes from the examiner's report indicate that Dr. Stinnett had only seen Garrett since 2007 and thus could not support a finding of disability in 2005. During the hearing before the ALJ, Garrett's attorney stated that he wanted to get records from Dr. Hogan to substantiate Garrett's claims of disability as early as 2000. The ALJ left the record open. But Garrett did not submit any new documentation, despite the ALJ's offer to issue any needed subpoenas.

When the Court reviews the decision of the ALJ, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance but enough that a reasonable person would find it adequate to support the decision." *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011). This Court considers all the evidence, but it will not reverse simply because the evidence could also support a contrary conclusion. *Ibid.*

Garrett's failure to substantiate his earlier diagnosis with objective medical evidence undermines his claim that the ALJ erred in giving Dr. Stinnett's letter less than controlling weight.

The Court also defers to the ALJ's credibility determinations, "so long as such determinations are supported by good reasons and substantial evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). Even if this Court finds evidence supporting two inconsistent positions, if "one of those positions represents the ALJ's findings, [then] the [C]ourt must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011). Dr. Hogan was Garrett's treating physician during the relevant period. Without Dr. Hogan's records, or an opinion from Dr. Stinnett that includes objective medical evidence about Garrett's condition in 2000, the ALJ's credibility findings are determinative.

The Commissioner's decision is affirmed.

So Ordered.

                                    _____

D.P. Marshall Jr.

United States District Judge

_____

9 January 2013